IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARL WAYNE BUNTION, §<br>　　　　Petitioner, §<br>　　　　　　　　　　　　　§<br>v.　　　　　　　　　　　§<br>　　　　　　　　　　　　　§<br>BOBBY LUMPKIN, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>　　　　Respondent. § | Civil Action No. 4:22-CV-1104<br>(Death Penalty Case) |

### RESPONDENT'S MOTION TO DISMISS FOR
### LACK OF JURISDICTION AS A SUCCESSIVE PETITION
### WITH BRIEF IN SUPPORT

Petitioner Carl Wayne Buntion was properly convicted and sentenced to death for the murder of Houston Police Officer James Irby in 1991 and sentenced to death in 2012 after a new punishment hearing was ordered by the Texas Court of Criminal Appeals. Through another petition for writ of habeas corpus, Buntion challenges the constitutionality of his death sentence and scheduled execution. Because he has not yet obtained authorization from the Fifth Circuit to file a successive petition, this Court lacks jurisdiction to consider it. Notwithstanding the mandatory jurisdictional barrier, this Court has the authority to transfer the case to the Fifth Circuit so that Buntion may request authorization there. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). In any event, the Director maintains that Buntion's petition fails to meet the requirements for filing a successive petition.

## PETITIONER'S ALLEGATIONS

Respondent Bobby Lumpkin (the Director) understands Buntion to allege:

1. His death sentence is in violation of the Eighth and Fourteenth Amendments because the punishment is based on the jury's finding he would constitute a future danger, but he has not committed any violent acts since he was sentenced.

2. His execution would violate the Eighth Amendment because no legitimate purpose for the death penalty would be served, given his lengthy stay on death row.

ECF No. 1 ("Fed. Pet.") at 27–41.

## GENERAL DENIAL

The Director denies all of Buntion's assertions of fact except those supported by the record or specifically admitted herein.

## STATEMENT OF THE CASE

### I. Facts of Buntion's Capital Murder

The Texas Court of Criminal Appeals (CCA) summarized the facts establishing Buntion's guilt of capital murder:

> The State's evidence[1] at trial established the following: At about 7:45 p.m., June 27, 1990, Houston police officer James Irby was on motorcycle patrol when he stopped a car on Airline Drive for a minor traffic violation. After parking his motorcycle, Irby approached the driver's side of the car and spoke briefly with the driver, who had already exited the vehicle. Irby and the driver, still conversing, walked toward the rear of the car. Irby then walked

---

[1] [Buntion] presented no evidence during the guilt/innocence phase of his trial.

> back to the driver's side of the car, looked in, and spoke briefly with [Buntion], who was the only passenger. Irby then returned to the rear of the car, where he continued speaking with the driver. [Buntion] then exited the car from the passenger's side. Irby motion to [Buntion] to get back in the car, but he proceeded toward Irby, and when he was about five feet from Irby, he raised a long-barrel revolver with both hands and fired a shot into Irby's forehead. Irby died almost instantly.

*Buntion v. State*, No. 71, 238 slip. op. at 1-2 (Tex. Crim. App. May 31, 1995) (footnote original).

## II. Course of State and Federal Proceedings Following Conviction.

In January 1991, a Harris County jury found Buntion guilty of capital murder and sentenced him to death. 3 SHCR-04[2] at 638–40. His conviction and sentence were affirmed by the CCA on direct appeal. *Buntion v. State*, No. AP-71,238 (Tex. Crim. App. May 31, 1995) (unpublished). Buntion's initial state application for habeas relief was denied by the CCA in November 2003. *Ex parte Buntion*, No. WR-22,548-02 (Tex. Crim. App. Nov. 5, 2003) (unpublished).

Buntion then filed a petition seeking federal habeas relief that was provisionally granted by the U.S. District Court on April 28, 2006, *Buntion v. Drekte*, 4:04-cv-01328 (S.D. Tex. April 28, 2006). The Fifth Circuit Court of

---

[2] "SHCR" refers to the Clerk's Record of pleadings and documents filed with the state court during Buntion's most recent state habeas corpus proceedings, preceded by the volume number. *See generally, Ex parte Buntion*, No. WR-22,548-04, -05,

Appeals, however, vacated that judgment and denied habeas relief. *Buntion v. Quarterman*, 524 F.3d 664 (5th Cir. 2008), *cert. denied*, 555 U.S. 1176 (2009).

Following the Supreme Court's denial of certiorari review, Buntion returned to state court to file a subsequent state habeas application, alleging that his death sentence was invalid under *Penry v. Johnson*, 532, U.S. 782 (2001). The CCA granted the writ, awarding Buntion a new trial on punishment. *Ex parte Buntion*, 2009 WL 3154909 (Tex. Crim. App. 2009).

The trial court held the new punishment hearing in February 2012, and Buntion was sentenced to death a second time. *Buntion v. State*, 482 S.W.3d 58, 65 (Tex. Crim. App. 2016). The CCA affirmed the trial court's sentence of death on direct appeal. *Id.* at 106. The Supreme Court denied certiorari review. *Buntion v. Texas*, 136 S.Ct. 2521 (2016).

### III. Evidence Presented at Buntion's 2012 Punishment Hearing.

The CCA summarized evidence presented at Buntion's punishment hearing:

> [Buntion] had thirteen prior felony convictions, many of which involved assaulting other people. Most notably, [Buntion] was convicted in 1965 of "assault to murder" an Alabama peace officer. Further, [Buntion] committed the instant offense a little over a month after he was released to parole while serving a sentence for the offense of sexual assault of a child. . . .
>
> In addition, [Buntion] committed numerous unadjudicated extraneous offenses and bad acts, both in and out of prison. During a previous term of imprisonment, [Buntion] was found to be in possession of a shank. While on a prison furlough, [Buntion] used

> his brother's birth certificate to obtain a visit with his ex-wife, who was in jail. When a jail official discovered [Buntion]'s true identity and the fact that he was on a prison furlough, the official arrested [Buntion] and returned him to prison. Approximately a week before the instant offense, [Buntion] showed an acquaintance a gun. He told her that he always carried it because he would rather kill than go back to prison. While in jail for the instant offense, [Buntion] threatened other detainees who asked him why he was there. [Buntion] said that he would kill them "like [he] killed the cop" if they did not leave him alone.
>
> Additional evidence indicated that [Buntion]'s character for violence had not changed during his time in prison. . . . While in jail awaiting the punishment retrial, [Buntion] wrote letters to his brother, Bobby. The letters contained language from which a jury could reasonably infer that [Buntion] remained a continuing threat to society. For example, in a July 2011 letter, [Buntion] stated that he was glad that he would never be released from prison because he would "hate to think about what [he would] do to certain people that have screwed [him] around." In an August 2011 letter, [Buntion] advised Bobby that if the district attorney questioned Bobby about Bobby's previous criminal record, Bobby should just say that the district attorney "made [Bobby] what [he was]" by sending Bobby to prison on his first offense instead of giving him probation. "If they create a 'monster,' they should not complain when it feeds (on society.) right? [sic] Right."

*Buntion v. State*, 482 S.W.3d 58, 67–68 (Tex. Crim. App. 2016)

### IV. State and Federal Proceedings Following Buntion's Second Punishment Hearing.

Buntion next sought habeas relief from his new death sentence in the state court, but that application was denied by the CCA. *Ex parte Buntion*, 2017 WL 2464716 (Tex. Crim. App. June 7, 2017). The Supreme Court denied Buntion's petition for writ of certiorari. *Buntion v. Texas*, 138 S. Ct. 737 (2018).

5

Buntion subsequently filed a federal petition for habeas relief with brief in support on June 7, 2018, which this Court denied. *Buntion v. Lumpkin*, No. 4:17-cv-2683 (S.D. Tex. Mar. 5, 2020). The Fifth Circuit denied Buntion's application for a certificate of appealability, and the Supreme Court denied Buntion's petition for writ of certiorari on October 4, 2021. *Buntion v. Lumpkin*, 982 F.3d 945 (5th Cir. 2020), *cert. denied* 142 S.Ct. 3 (2021).

Buntion next filed a fifth state application for habeas relief; the CCA dismissed this application as an abuse of the writ. *Ex parte Buntion*, NO. WR-22,548-05, 2022 WL 946264 (Tex. Crim. App. Mar. 30, 2022). Buntion has not filed a petition for writ of certiorari.

On April 6, 2022, Buntion filed a successive federal habeas petition, initiating this proceeding. Fed. Pet.

## STATE COURT RECORDS

Copies of Petitioner's state record for his most recent state habeas proceedings will be electronically filed with the instant answer.

## SUCCESSIVE PETITION/LIMITATIONS/EXHAUSTION

The Director asserts that Buntion's petition is successive. 28 U.S.C. § 2244(b). Because the Court does not have jurisdiction over Buntion's successive petition, the Director reserves the right to argue procedural defenses. Further, the Director reserves the procedural defenses should

Buntion or this Court disagree with the Director's construction of the claims presented.

## MOTION TO DISMISS

### I. Buntion's Petition Must Be Dismissed for Lack of Subject Matter Jurisdiction.

Buntion's petition should be dismissed as successive, as AEDPA instructs the Court to dismiss any claims presented in a second or successive habeas corpus application, unless the petitioner has first sought—and obtained—authorization from the Fifth Circuit to file the successive claim. 28 U.S.C. § 2244(b)(1), (3); *see Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010) (citing *id.*); *see also* Rules Governing Section 2254 Cases, R. 9. Congress enacted § 2244(b) in response to prisoners repeatedly challenging the validity of the same conviction and sentence. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The section "sharply limits the federal courts' consideration of second or successive habeas applications." *In re Sepulvado*, 707 F.3d 550, 553 (5th Cir. 2013); *see Felker v. Turpin,* 518 U.S. 651, 664 (1996) ("[T]his requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court"). "Without such authorization, the otherwise–cognizant district court has no jurisdiction to entertain [the] . . . the petition." *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009); *see also Burton v. Stewart*, 549 U.S. 147, 152–53

7

(2007); *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003).

Moreover, a "petitioner's failure to seek authorization from an appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar'" until the Fifth Circuit grants the petitioner permission to file the successive petition. *Williams*, 602 F.3d at 301, (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). This jurisdictional limitation described by § 2244(b) is one of *subject matter*. *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003) ("[W]e find that the district court did not have subject matter jurisdiction over Crone's application because Crone did not obtain an order from this Court authorizing the district court to consider the successive application.").

Although 28 U.S.C. § 2244(b) does not specifically set forth what constitutes a "second or successive" petition, the Fifth Circuit has held that a petition "is successive when it either presents a challenge to the petitioner's conviction or sentence that could have been presented in an earlier petition or can be said to be 'an abuse of the writ.'" *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009) (citing *Crone*, 324 F.3d at 836–37). "Informing a federal court's decision on successiveness is 'whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in

8

the first petition[.]'" *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992) (emphasis omitted) (quoting *McCleskey v. Zant*, 499 U.S. 467, 498 (1991)).

Again, Buntion filed a federal habeas petition in 2018; that petition included the same claims he raises now. *Buntion*, No. 4:17-cv-02683, ECF No. 4 at 92–102, 111–14. Raising the same claims in successive habeas petitions is the very definition of an abuse of the writ. Such claims "shall be dismissed" pursuant to 28 U.S.C. § 2244(b)(1). There are no exceptions to this mandatory rule. *In re Sharp*, 969 F.3d 527, 528 (5th Cir. 2020).

Certainly, a petition is not second or successive merely because it follows an earlier federal petition. *Crone*, 324 F.3d at 836. While AEDPA lacks specificity as to "second or successive," Buntion's instant petition meets the criteria described by the Supreme Court:

> [Petitioner] Burton's 2002 petition was a 'second or successive' habeas application for which he did not seek, much less obtain, authorization to file. When Burton filed his first petition, the 1998 petition, he was being held in custody pursuant to the 1998 judgment, which had been entered some nine months earlier. When he filed his second petition, the 2002 petition, he was still being held in custody pursuant to the same 1998 judgment. In short, Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Burton v. Stewart*, 549 U.S. 147, 153 (2007). More specifically, like the petitioner in *Burton*, Buntion has been held in custody pursuant to the same

9

1991 conviction and 2012 death sentence. Further, Buntion previously raised his instant claims, and the passage of time does not render these claims "new." The essence of both claims Buntion raises here are the same as that for the claims he raised in his prior federal petition.

Buntion's petition is successive must be dismissed. To the extent the Court disagrees, authorization from the Fifth Circuit is required before this Court has jurisdiction to consider it. To address the jurisdictional defect, this Court is authorized to transfer Buntion's petition to the Fifth Circuit. 28 U.S.C. §§ 1631, 2244(b)(3); *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996); *see also United States v. Fulton*, 780 F.3d 683, 685 (5th Cir. 2015) (confirming propriety of district court's transfer on the basis of successiveness). However, dismissal with prejudice is statutorily mandated in this circumstance. 28 U.S.C. § 2244(b)(1).

## CONCLUSION

For the above reasons, the Director respectfully requests that the Court dismiss Buntion's petition; alternatively, the Court may transfer his petition to the Fifth Circuit, where Buntion may seek permission to file it. The Director also requests this Court deny a certificate of appealability.

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

BRENT C. WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Cara Hanna
CARA HANNA
Assistant Attorney General
State Bar No. 24055622
Southern District No. 915870

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: cara.hanna@oag.texas.gov

*Counsel for Respondent*

## CERTIFICATE OF SERVICE

I do herby certify that on April 11, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to:

David R. Dow
University of Houston
4604 Calhoun Road

Jeffrey R. Newberry
University of Houston
4604 Calhoun Road

11

| | |
|---|---|
| Houston, TX 77204-6060 | Houston, TX 77204-6060 |
| 713-743-2171 | 713-743-6843 |
| Fax: 713-743-2131 | Fax: 713-743-2131 |
| ddow@uh.edu | jrnewber@central.uh.edu |

/s/ Cara Hanna
CARA HANNA
Assistant Attorney General