IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARL WAYNE BUNTION**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-1104 |
| | § | *CAPITAL CASE* |
| **BOBBY LUMPKIN**, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

_____

_____

**Petitioner's Response in Opposition to
Respondent's Motion to Dismiss**

_____

**This is a death penalty case.
Mr. Buntion is scheduled to be executed on April 21, 2022.**

David R. Dow
Texas Bar No. 06064900
Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4170 Martin Luther King, Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131

*Counsel to Carl Wayne Buntion*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARL WAYNE BUNTION**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-1104 |
| | § | *CAPITAL CASE* |
| **BOBBY LUMPKIN**, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

_____

_____

**Petitioner's Response in Opposition to
Respondent's Motion to Dismiss**
_____

**This is a death penalty case.**

**Mr. Buntion is scheduled to be executed on April 21, 2022.**

Petitioner filed his Petition for a Writ of Habeas Corpus, ECF No.

1, on April 6, 2022. Respondent filed his Motion to Dismiss for Lack of

Jurisdiction, ECF No. 5, on April 11, 2022. Petitioner now files this

Response in Opposition to Respondent's Motion to Dismiss.

Respondent makes a single argument in his Motion to Dismiss: Respondent claims Buntion raised these claims in his previous habeas petition and, for that reason, his present Petition is successive. Respondent's assertion is incorrect, and, in fact, the assertion is preemptively addressed in Buntion's Petition. Specifically, Respondent's Motion does not address Petitioner's acknowledgement that Buntion's previous petition raised *similar*, albeit distinct, claims. *See* ECF No. 1 at 27, 33-34. Further, Respondent's Motion fails to engage with -- and indeed does not mention -- Petitioner's argument that because both claims are grounded in facts that were not available when Buntion filed his previous petition and one claim (the future dangerousness claim) is based on a somewhat different legal argument, the claims in his present Petition, while similar to, are different from the previous claims. *See id.*

Even though Respondent has provided this Court with no basis for finding the claims contained in Petitioner's instant Petition are the same as claims raised in his previous petition, Counsel for Buntion file this response to provide further basis for finding Buntion's instant claims, which rest on facts not previously available, are different from those raised in his previous petition.

Most of the precedent in this circuit involving whether new facts transform a claim into a different claim than was previously presented involve claims of ineffective assistance of counsel. For example, in *Brown v. Estelle*, 701 F.2d 494 (5th Cir. 1983), the Court of Appeals for the Fifth Circuit confronted an ineffective assistance of counsel claim that was supported by three affidavits that had not been presented to the state court. In the opinion of the Fifth Circuit, those three additional affidavits had the effect of transforming the claim into a new claim. *Brown*, 701 F.2d at 495-96. That Court has made a similar finding in several other habeas cases. *See, e.g.*, *Sells v. Stephens*, 536 F. App'x 483, 492 (5th Cir. 2013) (addition of new affidavits, records, and expert reports made IATC claims new claims); *Ibarra v. Thaler*, 691 F.3d 677, 681-82 (5th Cir. 2012), *overruled on other grounds by Trevino v. Thaler*, 569 U.S. 413 (2013) (addition of expert report and affidavits made *Atkins* claim a new claim); *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003) (addition of psychological reports and affidavit made claim significantly different and therefore new).

These cases establish a general rule. That rule is that if the new facts or evidence added in support of a claim transform the claim such

that it is now "in a significantly different and stronger evidentiary posture that it was before," the claim is a new claim. *Brown*, 701 F.2d at 495. In the context of Buntion's petition, moreover, not only do the new facts and evidence transform the claim, but the new facts and evidence *did not exist* when the prior Petition was filed and adjudicated. The claims Buntion therefore now raises are necessarily new.

The factual basis for the future dangerousness claim contained in Buntion's previous petition were: 1) several studies that demonstrated predictions of future dangerousness are inherently unreliable, and 2) Buntion's failing to accrue any disciplinary infractions from his resentencing in 2012 until that petition was filed in 2018. The future dangerousness claim raised in his instant Petition does not argue that future dangerousness predictions are inherently unreliable and instead focuses solely on the unreliability of the prediction in Buntion's case. Each day that has passed since he was resentenced to death is another fact, or another data point, demonstrating Buntion is not dangerous in prison. Ten years have passed since Buntion was resentenced to death. Four of those years have transpired since Buntion filed his most previous petition in this Court. In other words, forty percent of the

factual basis, or evidentiary support, for his instant claim was not contained in the previous claim, because it was not then available. The fact that Buntion has not been cited for a single disciplinary infraction since filing his Petition in 2018 puts his present claim "in a significantly different and stronger evidentiary posture that it was before," and for that reason, the present claim is not the same as the one previously presented. *Brown*, 701 F.2d at 495.

The same is true for the *Lackey* claim raised in Buntion's current petition. That claim alleges the it would be unconstitutional to execute Buntion now because of the amount of time he has spent incarcerated under a sentence of death. At the time he Counsel filed Buntion's most recent previous federal habeas petition in this Court, he had been incarcerated under a sentence of death for twenty-seven years; he has now been incarcerated under a sentence of death for thirty-one years. Each day that Buntion is incarcerated under a sentence of death adds evidentiary support for his claim, such that his current claim is "in a significantly different and stronger evidentiary posture than it was before." *Brown*, 701 F.2d at 495.

In addition to being different from the claims raised in Buntion's prior petition, because the facts supporting present claim did not previously, the claims raised in his instant Petition did not become ripe until the trial court entered its January 4 order scheduling Buntion's execution for April 21, 2022. ECF No. 1 at 12-16. Respondent's Motion to Dismiss does not address Petitioner's argument that his claim were not previously ripe.

## Conclusion and Prayer for Relief

WHEREFORE, Petitioner Carl Buntion prays that this Court:

1.      Stay his execution, currently scheduled for April 21, 2022;

2.      Deny Respondent's Motion to Dismiss;

3.      Issue a writ of habeas corpus to have him brought before it, to the end that he may be relieved of his unconstitutional sentence of death;

4.      If necessary to resolve disputed factual issues, schedule an evidentiary hearing during which Buntion may present evidence in support of his claims; and

5.      Grant such other relief as law and justice require.

Respectfully submitted,


s/ David R. Dow                           s/ Jeffrey R. Newberry
_____       _____
David R. Dow                                 Jeffrey R. Newberry
Texas Bar No. 06064900                 Texas Bar No. 24060966
University of Houston Law Center   University of Houston Law Center
4170 Martin Luther King Blvd.       4170 Martin Luther King Blvd.
Houston, Texas 77204-6060            Houston, Texas 77204-6060
Tel. (713) 743-2171                         Tel. (713) 743-6843
Fax (713) 743-2131                          Fax (713) 743-2131


*Counsel to Carl Wayne Buntion, Petitioner*

## Certificate of Service

I certify that on Tuesday, April 12, 2022, a copy of the foregoing pleading was electronically served on counsel for Respondent, Cara Hanna via an email to cara.hanna@oag.texas.gov.

s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry