Case 4:22-cv-01104   Document 8   Filed on 04/14/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WAYNE BUNTION, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-01104 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ON DISMISSAL

Over three decades ago, Carl Wayne Buntion murdered Houston Police Officer James Irby during a routine traffic stop. After his 1991 death sentence was vacated, a second Texas jury found in 2012 that Buntion would be a future societal danger and that no mitigating circumstances warranted a life sentence. Buntion has litigated numerous issues in state court and previously sought federal habeas review.

Facing an execution date of April 21, 2022, Buntion has filed another federal petition for a writ of habeas corpus. Buntion's petition raises two claims: (1) his death sentence was arbitrarily imposed because the jury's future-dangerousness finding has proven incorrect and (2) his execution would serve no legitimate purpose because so much time has passed since his conviction.[1] Respondent Bobby Lumpkin moves to dismiss on grounds that Buntion has initiated an unsanctioned habeas action. (Docket Entry No. 5).

---

[1] Buntion's second claim—that an Eighth Amendment violation occurs when a prisoner remains on death row too long—originates in a memorandum of Justice Stevens respecting the denial of certiorari. *See Lackey v. Texas*, 514 U.S. 1045, 115 S.Ct. 1421, 131 L.Ed.2d 304 (1995) (mem.) (Stevens, J., respecting denial of cert.). Petitioners refer to this as a "*Lackey* claim." Buntion has not identified any Supreme Court or circuit precedent accepting the constitutional theory proposed by Justice Stevens' memorandum. *See Knight v. Florida*, 528 U.S. 990 (1999) (Thomas, J., concurring in denial of certiorari) ("I am unaware of any support in the American constitutional tradition or in this Court's precedent for the proposition that a defendant can avail himself of the panoply of appellate and

The Anti-Terrorism and Effect Death Penalty Act ("AEDPA") strongly discourages inmates from filing more than one habeas action. Under 28 U.S.C. § 2244(b)(3)(A), only a circuit court of appeals may authorize the filing of a "second or successive application[.]" *See Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). "The question of whether the district court lack[s] jurisdiction over [a] second-in-time federal habeas petition depends on whether [the] petition is a 'second or successive' petition within the meaning of 28 U.S.C. § 2244." *Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012).

A petition is not successive "simply because it follows an earlier federal petition." *Cain*, 137 F.3d at 235; *see also Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). When considering whether a petition is "second or successive," the Supreme Court has specifically found that a claim is not successive if it was not ripe during the initial habeas proceedings, *see Panetti*, 551 U.S. at 944; *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998), if the district court had dismissed the prior action to allow the exhaustion of state remedies, *see Slack v. McDaniel*, 529 U.S. 473, 478 (2000), or if the new claims attack a distinct legal judgment, *see Magwood v. Patterson,* 561 U.S. 320, 335 (2010). The Fifth Circuit firmly holds that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been

---

collateral procedures and then complain when his execution is delayed."); *Allen v. Ornoski*, 435 F.3d 946, 958 (9th Cir. 2006) ("The Supreme Court has never held that execution after a long tenure on death row is cruel and unusual punishment.").

2 / 4

raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Cain,* 137 F.3d at 235.

Both of Buntion's latest habeas claims were available when he filed his earlier federal habeas action. *See Allen v. Ornoski*, 435 F.3d 946, 957 (9th Cir. 2006) (finding that an inmate could have brought his *Lackey* claim in his initial federal petition after only six years of incarceration). Buntion, in fact, has already litigated nearly identical issues in federal court. (*Buntion v. Davis*, 4:17-cv-2683, Docket Entry No. 4 at 101, 111).[2] The only significant difference between Buntion's earlier claims and his current ones is that more time has now passed. Buntion argues that the passage of time renders his old claims previously unavailable—that the certainty of an execution date breathes new life into claims previously resolved by the federal courts. (Docket Entry No. 1 at 34; Docket Entry No. 6 at 5-6). Buntion's argument, however, would eviscerate AEDPA's abuse-of-the-writ provisions and allow an endless succession of federal petitions differing from each other only in the time which had transpired since the inmate's conviction.

AEDPA seeks to "reduc[e] piecemeal litigation" and "streamlin[e] federal habeas proceedings." *Burton v. Stewart*, 549 U.S. 147, 154 (2007) (per curiam) (internal quotation marks omitted). Buntion's latest petition unquestionably falls within AEDPA's limitation on second or successive petitions. AEDPA does not give this Court authority to consider the merits of Buntion's

---

[2] Buntion has already raised a claim which, like the first claim in his instant petition, argued that "Buntion's sentence is also predicated on an assessment that has proved invalid." (*Buntion v. Davis*, 4:17-cv-2683, Docket Entry No. 4 at 101). Buntion likewise has already litigated a claim nearly identical his second one. The only difference between Buntion's earlier "*Lackey*" claim and his current one is that more time has passed. (Docket Entry No. 1 at 34) ("His claim in this Petition is different. This claim rests on facts that did not exist until an execution date was set. Specifically, at that time, the delay was four years less than it is now. Until a date was set, any speculation about how long Buntion would be incarcerated under a sentence of death before the State sought to execute him could not be known. We now know that length of time is thirty-one years.").

latest federal petition. If Buntion wishes to litigate his claims he must first seek permission from the circuit court. Accordingly, the Court **ORDERS** as follows:

1. Respondent's motion to dismiss (Docket Entry No. 5) is **GRANTED**.

2. Buntion's petition is **DISMISSED WITHOUT PREJUDICE**.

3. Buntion's motion to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

4. No issue will be certified for consideration by the circuit court. *See* 28 U.S.C. § 2253(c)(2).

It is so ORDERED.

SIGNED on April 14, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge